UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSLE MALTA LTD., <br><br> Plaintiff, <br> -against- <br><br> PUYVAST CHARTERING BV, <br><br> Defendant. | 07 Civ. 6289 (RJH) |
| BSLE MALTA LTDA (F/K/A BSLE MALTA LTD), <br><br> Plaintiff, <br> -against- <br><br> PUYVAST CHARTERING BV, <br><br> Defendant. | 09 Civ. 2031 (RJH) <br><br> **MEMORANDUM OPINION AND ORDER** |

Richard J. Holwell, District Judge:

In *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477, 08-3758, 2009 WL 3319675, at *10–*11 (2d Cir. Oct. 16, 2009), the Second Circuit held that "EFTs [electronic fund transfers] are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank" and "cannot be subject to attachment under Rule B." In essence, the decision dismantled the theory that EFTs captured in this district could support personal jurisdiction over foreign defendants. Following *Jaldhi*, this Court ordered plaintiff to show cause why the attachments in these two related actions should not be vacated and the actions dismissed without prejudice for lack of personal jurisdiction.

Arguing against vacatur and dismissal, the plaintiff asks the Court not to reach the question whether *Jaldhi* applies and instead simply enforce a settlement agreement it claims that the parties have entered into and that controls disposition of the funds now attached. Alternatively, it argues that the funds attached are not subject to *Jaldhi* because they were no longer EFTs at the time that case was decided. Finally, it argues that, even though *Jaldhi* applies retroactively in general, the Court should make an exception in this case for equitable reasons. All three contentions lack merit.

I

The plaintiff's first argument relies on a purported settlement agreement the parties reached soon after *Jaldhi* was issued. But the parties dispute whether any agreement was ever reached. They agree that negotiations took place throughout the summer of 2009, and that in August, the defendant emailed the plaintiff a list of "certain specific proposals." (Def.'s Mem. 3.) According to the defendant, however, the plaintiff ignored that message until October 21, 2009—five days after *Jaldhi*—when plaintiff's counsel sent an email to defendant that said his clients "actually agree with your comments . . . . Therefore, I am pleased to confirm herewith that your draft is definitely agreed . . . ." (Pltf.'s Mem. 2.)

Even if this were enough to create an enforceable settlement agreement under basic principles of contract law (a doubtful proposition), the Court cannot enforce a settlement agreement absent personal jurisdiction over the defendant. *Cf. Ainbinder v. Potter*, 282 F. Supp. 2d 180, 185 (S.D.N.Y. 2003) (assuming that it would need personal jurisdiction over defendant to enforce a settlement agreement, but finding that a court-ordered stipulation established consent to jurisdiction). Here, the defendant has raised the

lack of personal jurisdiction as a defense to enforcement of the supposed settlement agreement. Although parties may waive the personal jurisdiction requirement by "prior consent," *Days Inn of America, Inc. v. L.A., Inc.*, No. 97-5476, 1998 WL 765182, at *2 (S.D.N.Y. Nov. 3, 1998), the plaintiff does not allege waiver in this case. The supposed agreement contains no clause reflecting consent to jurisdiction in this district. Nor has the Court "so-ordered" the settlement; had it, the agreement could be viewed as "a consent to the exercise of the court's power to compel compliance." *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974); *Ainbinder*, 282 F. Supp. 2d at 185.

In addition, the plaintiff did not waive any personal jurisdiction defense by failing to raise it prior to *Jaldhi*. "[D]efendants cannot be faulted for failing to raise, pre-*Jaldhi*, a jurisdictional defense to an attachment of EFTs in the face of *Winter Storm*'s controlling precedent in this Circuit." *Sia v. Laktopol*, No. 08-7709, 2009 WL 4729876, at *1 (S.D.N.Y. Dec. 10, 2009); *see Hawknet, Ltd. v. Overseas Shipping Agencies*, No. 09-2128, 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009) (no waiver even though defendant failed to raise personal jurisdiction at all in the district court prior to *Jaldhi*). After *Jaldhi*, the defendant did raise the defense. By contrast, in the decisions plaintiff cites for the proposition that the parties' agreement can provide the basis for the Court's jurisdiction, "there is no evidence that the defendants objected to jurisdiction or to the continuing restraint of the funds." *Sia*, 2009 WL 4729876, at *2 (citing *Americas Bulk Transp. Ltd. v. Lion Shipholdings*, 07 Civ. 3818 (S.D.N.Y. Nov. 18, 2009); *Europa Maritime v. Manganese Trans Atl. Corp.*, 08 Civ. 9523 (S.D.N.Y. Nov. 10, 2009)).

For these reasons, even if an enforceable settlement exists, the Court does not have jurisdiction over the defendant to enforce it.

**II**

Second, plaintiff argues that, although the funds at issue here originally entered this district as EFTs, they did not remain EFTs. This is so, plaintiff claims, because standard banking practice after restraining funds was to deposit them into a segregated account in the district. But as a number of decisions in this district have articulated, that argument, clever as it may be, does not address plaintiff's central difficulty: the defendant never possessed attachable property in this district. *See, e.g.*, *HC Trading Intern. Inc. v. Crossbow Cement, SA*, No. 08-11237, 2009 WL 4337628, at *1 (S.D.N.Y. Dec. 2, 2009) ("No alchemy by the parties transformed EFTs that do not provide personal jurisdiction over the defendant under Rule B into a basis for this Court's jurisdiction over the defendant."); *Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC*, No. 09-7164, slip op. at 1 (S.D.N.Y. Nov. 16, 2009) ("Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in [*Jaldhi*].").

**III**

Third, the plaintiff argues that, even if *Jaldhi* does apply retroactively—and *Hawknet* plainly says it does—this case presents equitable considerations that justify departure from that rule. Even if the Court were able to depart from *Hawknet* in exceptional circumstances, it is not convinced that this is such a case. The plaintiff does not explain what equitable considerations exist here that did not in *Hawknet*. Nor would

a decision to apply *Jaldhi* only prospectively eliminate inequities. Such a decision would be unfair to defendants like this one, whose property continues to be restrained even after the basis for restraining that property has been extinguished.

## CONCLUSION

The Court ordered the plaintiff to show cause why vacatur was unwarranted and why these actions should not be dismissed for lack of jurisdiction. Plaintiff has been unable to do so on both counts. Accordingly, the maritime attachments are vacated and the actions are dismissed without prejudice. The Clerk of the Court is directed to close each case.

SO ORDERED.

Dated: New York, New York
January 8, 2010

Richard J. Holwell
United States District Judge